UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN ROBINSON,

                                      CASE NO: 2:17-cv-11022-DML-EAS

        Plaintiff,                         JUDGE DAVID LAWSON

v.

ACCU-SHAPE DIE CUTTING, INC.,
a Michigan Corporation

        Defendant.

---

TOM R. PABST (P27872)
Representing Plaintiff
2503 S. Linden Road
Flint, MI 48532
(810) 732-6792
office@tomrpabstpc.com

DAVID B. TIMMIS (P40539)
DAVID Q. HOUBECK (P77002)
Attorneys for Defendant
840 W. Long Lake Rd., Ste. 600
Troy, MI 48098
(248) 312-2800
dtimmis@vgpclaw.com
dhoubeck@vgpclaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I do not know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## FIRST AMENDED COMPLAINT
### AND
## RELIANCE UPON JURY DEMAND

     NOW COMES Tom R. Pabst, representing Carolyn Robinson, Plaintiff, and shows unto this Honorable Court as follows:

### COMMON ALLEGATIONS

     (1a)     That we filed this Amended Complaint and Reliance Upon Jury Demand because Defendant herein, in its Answer and Affirmative Defenses to Plaintiff's original

Complaint and Jury Demand, attached hereto as Ex. 1, and incorporated by this reference, has denied that it is an FMLA employer, when in fact its handbook says it is. Accordingly, we amend this pleading to add Count IV, Equitable Estoppel.

(1)     That at all times pertinent hereto, Carolyn Robinson, Plaintiff, was/is a resident of Genesee County, Michigan, and was an employee of Defendants herein.

(2)     That at all times pertinent hereto, Defendant Accu-Shape Die Cutting, Inc. (hereinafter "Defendant Employer"), was/is, upon information and belief, a Michigan Corporation, providing services in Genesee County, Michigan.

(3)     That upon information and belief, Defendant Employer has more than 50 employees within 75 miles of the Genesee County location where they operate.

(4)     That at all times pertinent hereto, Carolyn Robinson, Plaintiff, was a good and loyal employee of Defendant Employer.

(5)     That the events giving rise to this cause of action occurred in Genesee County, Michigan, making this Court a Court of proper venue to file this lawsuit.

### COUNT I
### FAMILY MEDICAL LEAVE ACT INTERFERENCE

(6)     That we repeat ¶s 1a-5.

(7)     This is an action for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 USC 2601 *et seq.*

(8)     That this State of Michigan Circuit Court has jurisdiction pursuant to 29 USC 2617(a)(2).

(9)     That Plaintiff is a citizen of the United States, and the State of Michigan, and resides in Genesee County.

(10)    That Defendant Employer is a business which provides services in Genesee County, Michigan.

(11)    That Plaintiff is an eligible employee as defined by the FMLA.

(12)    That Defendant Employer is an employer as defined by the FMLA.

(13)    That the individual Defendants are each a person that acts in the interest of the Employer. See, for example, 29 CFR 825.104(a).

(14)    That the events giving rise to this cause of action occurred within Genesee County.

(15)     That Carolyn Robinson, Plaintiff, became employed with Defendant Employer on or about September, 2014.

(16)     That Carolyn Robinson, Plaintiff, properly sought FMLA leave to obtain treatment for a serious health condition as defined by the FMLA.  See, for example, 29 USC 26.2(a)(1); 29 CFR 825.112(a)(4) - .200(a)(4); 29 CFR 825.115.

(17)     That Plaintiff notified her employer of her need to take time off for treatment and her request was approved.

(18)     That while Carolyn Robinson, Plaintiff, was on leave for her medical condition she was contacted via voicemail from an Accu-Shape representative, Todd Keller, who informed her that the conmpany wanted her to return back to work ASAP.

(19)     That during the same communication Accu-Shape representative, Todd Keller, further informed Carolyn Robinson, Plaintiff, that he understood she had a medical condition and offered her a different position to accommodate her temporary medical restrictions so she could return to work.

(20)     That, per the agreement with Todd Keller, Carolyn Robinson, Plaintiff, attempted to return to work, however, when she reported to the new temporary position, she was met with hostility by Emma Brooks, the a high-ranking administrator, who was openly hostile and yelled Plaintiff about there is no position at Accu-Shape that would accommodate her current situation, and that if she wanted to keep her job with Defendant Employer, she would have to return to her old position immediately and without accommodations.

(21)     That Defendant Employer then demanded more proof from Carolyn Robinson, Plaintiff's, doctor that she had medical condition.

(22)     That when Carolyn Robinson, Plaintiff, complied with this new extra requirement imposed upon her, and met with her doctor, she was informed that returning to the only position Defendants were now offering would not be possible, but she could return to working after just 1 more month of physical therapy, and her doctor issued a note reflecting these medical restrictions on February 6, 2016. (See Ex. 1)

(23)     That when Emma Brooks heard about the doctor prescribed leave she instantly responded saying something along the lines of "I can't believe he gave you 1 month off!".

(24)     That Defendant Employer fired Carolyn Robinson, Plaintiff, on February 11, 2016, a mere 5 days after her doctor submitted his medical restrictions/accommodations. (See Ex. 2, Termination Letter)

(25)     That the medical therapy prescribed by Carolyn Robinson, Plaintiff's, doctor was successful and, she can perform the work in both positions offered to her by Defendant Employer with or without accommodations.

3

(26)    That in willfully failing to restore Carolyn Robinson, Plaintiff, to her previous position or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment, Defendant, and its agents and/or representatives, violated Plaintiff's rights under the FMLA. 29 USC 2601 *et seq.*

(27)    That Defendant's violation(s) of the FMLA was/were willful.   29 CFR 825.400.

(28)    That at all relevant times the Defendant interfered with, restrained or denied the exercise of rights under the FMLA against Plaintiff and, further, discriminated against the Plaintiff in violation of the FMLA.

(29)    That as a direct and proximate result of Defendant's actions, Carolyn Robinson, Plaintiff, has suffered loss of wages, benefits and loss of employment opportunities.

WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

### Legal Relief

(a)    Compensatory damages in whatever amount she is found to be entitled;

(b)    Liquidated damages in whatever amount she is found to be entitled;

(c)    An award of interest, costs and reasonable attorney fees and expert witness fees;

### Equitable Relief

(a)    An Order re-instating Plaintiff to an appropriate position with Defendant;

(b)    An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(c)    Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT II
### FAMILY MEDICAL LEAVE ACT RETALIATION

(30)    That we repeat ¶s 1a-29.

4

(31)     That at all relevant times the Defendant retaliated against Plaintiff, who (a) opposed practices made unlawful by the FMLA and/or who (b) participated in any proceeding related to the enforcement of the FMLA, by actions including, but not necessarily limited to, failing to restore Plaintiff to her previous position, or an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment, and/or by terminating her employment on or about 3/8/13.

(32)     That Defendant's violations of the FMLA was/were willful. 29 CFR 825.400.

WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

## Legal Relief

(a)     Compensatory damages in whatever amount she is found to be entitled;

(b)     Liquidated damages in whatever amount she is found to be entitled;

(c)     An award of interest, costs and reasonable attorney fees and expert witness fees;

## Equitable Relief

(a)     An Order re-instating Plaintiff to an appropriate position with Defendants;

(b)     An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(c)     Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III
## ADA & ADAAA VIOLATIONS (DEFENDANT CORPORATION)

(33)     That we repeat paragraphs 1a-32.

(34)     That Carolyn Robinson, Plaintiff, has civil rights under the Federal ADA, being 42 USC §12101, *et. seq.* as amended by the ADA Amendments Act of 2008, and as bolstered by 42 USC §2000e, *et. seq.*, and the Civil Rights Act of 1991, being 42 USC §1981a and 42 USC §1988.

(35)     That Defendant Corporation violated the aforesaid law, which violations included, but not by way of limitation, the following acts and/or omissions:

5

(a)     "Harassing" of Carolyn Robinson, Plaintiff;

(b)     "Perceiving" and/or "regarding" Carolyn Robinson,
        Plaintiff, as "disabled", and based on Defendant's wrongful
        perception, denying her work and/or employment
        opportunities;

(c)     Failing to "accommodate" Carolyn Robinson, Plaintiff, if
        she was in fact disabled as Defendant claimed; and

(d)     Relying on her "history" to discriminate against her

all of which violated Carolyn Robinson's rights under 42 USC §12101, *et. seq.*

(36)    That specifically, but not by way of limitation, Defendant herein--

(a)     Refused to honor doctor-imposed limitations/restrictions for
        Carolyn Robinson, Plaintiff;

(b)     Deliberately pressured/forced Carolyn Robinson, Plaintiff,
        to work beyond the doctor-imposed restrictions as to time
        and mechanical limitations;

(c)     Refused to "accommodate" Carolyn Robinson, Plaintiff;

(d)     Refused to place Carolyn Robinson, Plaintiff, into available
        jobs she was capable of doing

all of which violated Carolyn Robinson's rights under 42 USC §12101, *et. seq.*

(37)    That Defendant Corporation herein in fact fired Carolyn Robinson, Plaintiff, in
violation of 42 USC §12101, *et. seq.*

(38)    That as a direct and proximate result thereof, Carolyn Robinson, Plaintiff,
suffered the following injuries and damages, amongst others--

(a)     loss of her job;

(b)     lost wages, past and future;

(c)     loss of earning capacity;

(d)     emotional distress and mental anguish, past and future;

(e)     injury to her feelings, including extreme embarrassment
        and humiliation, past and future;

    (f)     damage to her reputation, past and future;

    (g)    outrage;

    (h)    incurrence of actual attorney's fees and costs for having to enforce her legal rights and vindicate herself for the wrongful misconduct of Defendants herein; and

    (i)     other injuries and damages, the exact nature and extent of which are not now known.

(39)    That the Right-to-Sue letter issued to Carolyn Robinson, Plaintiff, is attached hereto as Ex. 3 and by this reference incorporated herein.

(40)    That the monetary damages caused by Defendant's unlawful conduct far exceed One Hundred Thousand ($100,000.00) Dollars.

(41)    That upon information and belief, Defendant herein acted in concert with one another, and in fact aided and abetted one another, in discriminating and/or retaliating against/punishing Carolyn Robinson, Plaintiff, for their own various personal purposes.

(42)    That the damages attributable to the aforesaid injuries far exceed One Hundred Thousand ($100,000.00) Dollars.

(43)    That Defendant herein is directly and/or vicariously liable for the acts and/or omissions and/or misrepresentations and/or tortious misconduct committed by persons who were then and there agents and/or employees and/or officers of Defendant herein, and acting within the course and scope of said employment and/or agency by reason of the facts hereinabove stated or otherwise known to Defendant herein; or acting in such a way as to bind Defendant herein pursuant to the Restatement Second Agency, Section 219 (1 & 2).

WHEREFORE, Carolyn Robinson, Plaintiff, prays for judgment against Defendant herein as follows:

    (a)    For compensatory damages in whatever amount in excess of One Hundred Thousand ($100,000.00) Dollars the trier of fact finds to be fair and just, in accordance with the law and evidence;

    (b)    For punitive damages against Defendants herein in an amount proved at trial; and

    (c)    For the cost of this action, including specifically, but not by way of limitation, actual attorney fees allowed by law, in accordance with the established law under the Family Medical Leave Act and 42 USC §1988.

## COUNT IV
## EQUITABLE ESTOPPEL

(44)    That we repeat paragraphs 1a-43.

(45)    That we are informed and believe that Defendant herein is an FMLA employer, and our original Complaint, attached hereto as Ex. 1, and by this reference incorporated herein, alleged same.

(46)    That, however, after the Notice of Removal to this Court, we see from Defendant's Answer to the pleadings that Defendant now denies it is an FMLA employer, as this Court can see from reading Defendant's Answer, and Defendant's following Affirmative Defenses:

> "32.    The Defendant is not an 'employer' as defined by the FMLA.
>
> 33.    The Defendant is not an 'employer' subject to the FMLA."

See Defendant's Affirmative Defenses #32 and #33.

(47)    That this is contrary to Defendant's representations made to all employees, including Carolyn Robinson, Plaintiff, in Defendant's Handbook, which reads as follows:

> "Family Medical Leave
> Employees who has worked at least twelve (12) months and have accumulated at least 1,250 hours during the preceding twelve (12) months may request an unpaid leave of absence for up to twelve (12) weeks due to:
>
> •    The birth of a child to the Employee or the Employee's spouse;
> •    The adoption of a child by the Employee;
> •    A child being placed with the Employee for foster care;
> •    The spouse, child, or parent or the Employee having a serious health condition;
> •    The Employee develops a serious health condition that makes the Employee unable to perform his or her job duties."

See Ex. 2, pp. 12-13, Defendant's Employee Handbook, incorporated herein by this reference.

(48)    That under these circumstances, Defendant is equitably estopped from denying it's status as an FMLA employer, and/or it is equitably estopped from asserting that it is not subject to FMLA.

8

(49)    That Carolyn Robinson, Plaintiff, has suffered the damages heretofore set forth in ¶38, and this Defendant should be equitably estopped from denying it is responsible to pay therefor.

WHEREFORE, Carolyn Robinson, Plaintiff, prays for judgment against Defendant herein as follows:

(a)    An Order or Judgement from this Court equitably estopping Defendant from denying that it is an FMLA employer;

(b)    An Order re-instating Plaintiff to an appropriate position with Defendants;

(e)    An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(d)    Whatever other equitable relief appears appropriate at the time of final judgment.

April 11, 2017 _____          /s/Tom R. Pabst _____
DATE                           TOM R. PABST (P27872)
                               Representing Carolyn Robinson

## RELIANCE UPON JURY DEMAND

Carolyn Robinson, Plaintiff, hereby relies upon her previous demand for a trial by jury.

April 11, 2017 _____          /s/Tom R. Pabst _____
DATE                           TOM R. PABST (P27872)
                               Representing Carolyn Robinson

# EXHIBIT 1

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

CAROLYN ROBINSON,

CASE NO: 17- 108666 -CZ

Plaintiff,

JUDGE GEOFFREY L. NEITHERCUT
P-25466

v.

ACCU-SHAPE DIE CUTTING, INC.,
a Michigan Corporation

Defendants.

---

TOM R. PABST (P27872)

Attorney for Plaintiff

2503 S. Linden Rd.

Flint, MI 48532

(810) 732-6792



---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I do not know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT
## AND
## JURY DEMAND

NOW COMES Tom R. Pabst, representing Carolyn Robinson, Plaintiff, and shows unto this Honorable Court as follows:

### COMMON ALLEGATIONS

(1)     That at all times pertinent hereto, Carolyn Robinson, Plaintiff, was/is a resident of Genesee County, Michigan, and was an employee of Defendants herein.

(2)     That at all times pertinent hereto, Defendant Accu-Shape Die Cutting, Inc. (hereinafter "Defendant Employer"), was/is, upon information and belief, a Michigan Corporation, providing services in Genesee County, Michigan.

(3)     That upon information and belief, Defendant Employer has more than 50 employees within 75 miles of the Genesee County location where they operate.

(4)     That at all times pertinent hereto, Carolyn Robinson, Plaintiff, was a good and loyal employee of Defendant Employer.

(5)     That the events giving rise to this cause of action occurred in Genesee County, Michigan, making this Court a Court of proper venue to file this lawsuit.

## COUNT I
## FAMILY MEDICAL LEAVE ACT INTERFERENCE

(6)     That we repeat ¶s 1-5.

(7)     This is an action for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 USC 2601 *et seq.*

(8)     That this State of Michigan Circuit Court has jurisdiction pursuant to 29 USC 2617(a)(2).

(9)     That Plaintiff is a citizen of the United States, and the State of Michigan, and resides in Genesee County.

(10)     That Defendant Employer is a business which provides services in Genesee County, Michigan.

(11)     That Plaintiff is an eligible employee as defined by the FMLA.

(12)     That Defendant Employer is an employer as defined by the FMLA.

(13)     That the individual Defendants are each a person that acts in the interest of the Employer.  See, for example, 29 CFR 825.104(a).

(14)     That the events giving rise to this cause of action occurred within Genesee County.

(15)     That Carolyn Robinson, Plaintiff, became employed with Defendant Employer on or about September, 2014.

(16)     That Carolyn Robinson, Plaintiff, properly sought FMLA leave to obtain treatment for a serious health condition as defined by the FMLA.  See, for example, 29 USC 26.2(a)(1); 29 CFR 825.112(a)(4) - .200(a)(4); 29 CFR 825.115.

(17)     That Plaintiff notified her employer of her need to take time off for treatment and her request was approved.

(18)     That while Carolyn Robinson, Plaintiff, was on leave for her medical condition she was contacted via voicemail from an Accu-Shape representative, Todd Keller, who informed her that the conmpany wanted her to return back to work ASAP.

2

(19)    That during the same communication Accu-Shape representative, Todd Keller, further informed Carolyn Robinson, Plaintiff, that he understood she had a medical condition and offered her a different position to accommodate her temporary medical restrictions so she could return to work.

(20)    That, per the agreement with Todd Keller, Carolyn Robinson, Plaintiff, attempted to return to work, however, when she reported to the new temporary position, she was met with hostility by Emma Brooks, the a high-ranking administrator, who was openly hostile and yelled Plaintiff about there is no position at Accu-Shape that would accommodate her current situation, and that if she wanted to keep her job with Defendant Employer, she would have to return to her old position immediately and without accommodations.

(21)    That Defendant Employer then demanded more proof from Carolyn Robinson, Plaintiff's, doctor that she had medical condition.

(22)    That when Carolyn Robinson, Plaintiff, complied with this new extra requirement imposed upon her, and met with her doctor, she was informed that returning to the only position Defendants were now offering would not be possible, but she could return to working after just 1 more month of physical therapy, and her doctor issued a note reflecting these medical restrictions on February 6, 2016. (See Ex. 1)

(23)    That when Emma Brooks heard about the doctor prescribed leave she instantly responded saying something along the lines of "I can't believe he gave you 1 month off!".

(24)    That Defendant Employer fired Carolyn Robinson, Plaintiff, on February 11, 2016, a mere 5 days after her doctor submitted his medical restrictions/accommodations. (See Ex. 2, Termination Letter)

(25)    That the medical therapy prescribed by Carolyn Robinson, Plaintiff's, doctor was successful and, she can perform the work in both positions offered to her by Defendant Employer with or without accommodations.

(26)    That in willfully failing to restore Carolyn Robinson, Plaintiff, to her previous position or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment, Defendant, and its agents and/or representatives, violated Plaintiff's rights under the FMLA. 29 USC 2601 *et seq.*

(27)    That Defendant's violation(s) of the FMLA was/were willful.   29 CFR 825.400.

(28)    That at all relevant times the Defendant interfered with, restrained or denied the exercise of rights under the FMLA against Plaintiff and, further, discriminated against the Plaintiff in violation of the FMLA.

(29)    That as a direct and proximate result of Defendant's actions, Carolyn Robinson, Plaintiff, has suffered loss of wages, benefits and loss of employment opportunities.

WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

### Legal Relief

(a)    Compensatory damages in whatever amount she is found to be entitled;

(b)    Liquidated damages in whatever amount she is found to be entitled;

(c)    An award of interest, costs and reasonable attorney fees and expert witness fees;

### Equitable Relief

(a)    An Order re-instating Plaintiff to an appropriate position with Defendant;

(b)    An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(c)    Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
## FAMILY MEDICAL LEAVE ACT RETALIATION

(30)    That we repeat ¶s 1-29.

(31)    That at all relevant times the Defendant retaliated against Plaintiff, who (a) opposed practices made unlawful by the FMLA and/or who (b) participated in any proceeding related to the enforcement of the FMLA, by actions including, but not necessarily limited to, failing to restore Plaintiff to her previous position, or an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment, and/or by terminating her employment on or about 3/8/13.

(32)    That Defendant's violations of the FMLA was/were willful. 29 CFR 825.400.

WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

### Legal Relief

(a)    Compensatory damages in whatever amount she is found to be entitled;

(b)    Liquidated damages in whatever amount she is found to be entitled;

(c)    An award of interest, costs and reasonable attorney fees and expert witness fees;

### Equitable Relief

(a)    An Order re-instating Plaintiff to an appropriate position with Defendants;

(b)    An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(c)    Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT III
### ADA & ADAAA VIOLATIONS (DEFENDANT CORPORATION)

(33)    That we repeat paragraphs 1-32.

(34)    That Carolyn Robinson, Plaintiff, has civil rights under the Federal ADA, being 42 USC §12101, *et. seq.* as amended by the ADA Amendments Act of 2008, and as bolstered by 42 USC §2000e, *et. seq.*, and the Civil Rights Act of 1991, being 42 USC §1981a and 42 USC §1988.

(35)    That Defendant Corporation violated the aforesaid law, which violations included, <u>but not by way of limitation</u>, the following acts and/or omissions:

(a)    "Harassing" of Carolyn Robinson, Plaintiff;

(b)    "Perceiving" and/or "regarding" Carolyn Robinson, Plaintiff, as "disabled", and based on Defendant's wrongful perception, denying her work and/or employment opportunities;

(c)    Failing to "accommodate" Carolyn Robinson, Plaintiff, if she was in fact disabled as Defendant claimed; and

(d)    Relying on her "history" to discriminate against her

all of which violated Carolyn Robinson's rights under 42 USC §12101, *et. seq.*

(36)    That specifically, <u>but not by way of limitation</u>, Defendant herein--

(a)    Refused to honor doctor-imposed limitations/restrictions for Carolyn Robinson, Plaintiff;

(b)    Deliberately pressured/forced Carolyn Robinson, Plaintiff, to work beyond the doctor-imposed restrictions as to time and mechanical limitations;

(c)     Refused to "accommodate" Carolyn Robinson, Plaintiff;

(d)     Refused to place Carolyn Robinson, Plaintiff, into available jobs she was capable of doing

all of which violated Carolyn Robinson's rights under 42 USC §12101, *et. seq.*

(37)     That Defendant Corporation herein in fact fired Carolyn Robinson, Plaintiff, in violation of 42 USC §12101, *et. seq.*

(38)     That as a direct and proximate result thereof, Carolyn Robinson, Plaintiff, suffered the following injuries and damages, amongst others--

(a)     loss of her job;

(b)     lost wages, past and future;

(c)     loss of earning capacity;

(d)     emotional distress and mental anguish, past and future;

(e)     injury to her feelings, including extreme embarrassment and humiliation, past and future;

(f)     damage to her reputation, past and future;

(g)     outrage;

(h)     incurrence of actual attorney's fees and costs for having to enforce her legal rights and vindicate herself for the wrongful misconduct of Defendants herein; and

(i)     other injuries and damages, the exact nature and extent of which are not now known.

(39)     That the Right-to-Sue letter issued to Carolyn Robinson, Plaintiff, is attached hereto as Ex. 3 and by this reference incorporated herein.

(40)     That the monetary damages caused by Defendant's unlawful conduct far exceed One Hundred Thousand ($100,000.00) Dollars.

(41)     That upon information and belief, Defendant herein acted in concert with one another, and in fact aided and abetted one another, in discriminating and/or retaliating against/punishing Carolyn Robinson, Plaintiff, for their own various personal purposes.

(42)     That the damages attributable to the aforesaid injuries far exceed One Hundred Thousand ($100,000.00) Dollars.

(43)    That Defendant herein is directly and/or vicariously liable for the acts and/or omissions and/or misrepresentations and/or tortious misconduct committed by persons who were then and there agents and/or employees and/or officers of Defendant herein, and acting within the course and scope of said employment and/or agency by reason of the facts hereinabove stated or otherwise known to Defendant herein; or acting in such a way as to bind Defendant herein pursuant to the Restatement Second Agency, Section 219 (1 & 2).

WHEREFORE, Carolyn Robinson, Plaintiff, prays for judgment against Defendant herein as follows:

(a)    For compensatory damages in whatever amount in excess of One Hundred Thousand ($100,000.00) Dollars the trier of fact finds to be fair and just, in accordance with the law and evidence;

(b)    For punitive damages against Defendants herein in an amount proved at trial; and

(c)    For the cost of this action, including specifically, but not by way of limitation, actual attorney fees allowed by law, in accordance with the established law under the Family Medical Leave Act and 42 USC §1988.

2-27-17

DATE

TOM R. PABST (P27872)
Representing Carolyn Robinson

## JURY DEMAND

Carolyn Robinson, Plaintiff, hereby demands a trial by jury.

2-27-17

DATE

TOM R. PABST (P27872)

7

# EXHIBIT 1
# TO ORIGINAL
# COMPLAINT

# MARCOS MACHADO M.D., P.C.

## FAMILY PRACTICE PHYSICIAN

10019 Miller Road, Swartz Creek, MI 48473   (810) 635-4476   fax (810) 635-4357

**Robinson, Carolyn F**

Date of birth: 11/15/1956

Date of Visit: 2/5/2016

To whom it may concern:

Please excuse Carolyn from work until 3/5/16 for medical reasons, while she does physical therapy.

Thank you.

Marcos Machado, M.D.

# EXHIBIT 2
# TO ORIGINAL
# COMPLAINT



### America's Back Office
*Your Turn-Key HR Solution*

February 11, 2016

Carolyn Robinson
2426 Gold Avenue
Flint, MI 48503

RE: Letter of separation

Ms. Robinson:

The management team at Accu-Shape Die Cutting is informing you by this correspondence that your employment has been terminated due to your unavailable status for work and your decision not to perform work that meets the medical restrictions placed on you by your physician. Your last day worked was 12/23/15 and that will be recorded as your end date of employment with the Company.

Please contact this office for further clarification if necessary.

Regards,

Todd Keller
Director of Human Resources

# EXHIBIT 3
# TO ORIGINAL
# COMPLAINT

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To | Carolyn F. Robinson<br>2426 Gold Avenue<br>Flint, MI 48503 | From | Detroit Field Office<br>477 Michigan Avenue<br>Room 865<br>Detroit, MI 48226 |
|---|---|---|---|

☐      *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2016-02923 | Stephen A. Van Kerckhove,<br>Investigator | (313) 226-2025 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

Michelle Eisele,
District Director

2/1/17
(Date Mailed)

cc:
David B. Timmis
Vandeveer Garzia, P.C.
c/o ACCU-SHAPE DIE-CUTTING, INC.
840 W. Long Lake Road, Suite 600
Troy, MI 48098

Tom R. Pabst
TOM R. PABST, P.C.
2503 S. Linden Road, Suite 185
Flint, MI 48532

FEB 03 2017

# EXHIBIT 2

# *Accu-Shape Die Cutting, Inc.*

**Version 06/03/14**

# Employee Handbook



**Administrative EMPLOYER SERVICES**

**13900 Lakeside Circle, Suite 200 / Sterling Heights / Michigan / 48313**
**Toll Free:  877-423-7736**

# Employee Handbook

## Table of Contents

Welcome Letter ................................................................................................... 4

Purpose of This Handbook .................................................................................. 5

Administrative Employer Services ....................................................................... 5

Your Responsibilities .......................................................................................... 5

Terms of At-Will Employment ............................................................................. 6

Equal Opportunity Employment .......................................................................... 6

Reasonable Accommodation .............................................................................. 6

Authorization of Employment ............................................................................. 7

Policy Regarding Harassment ............................................................................ 7

Fair Credit Reporting Act ................................................................................... 8

SSN Privacy Policy ............................................................................................ 8

Employee Classification ..................................................................................... 9

Job Description .................................................................................................. 9

Timekeeping ...................................................................................................... 9

Overtime .......................................................................................................... 10

Pay Day ........................................................................................................... 10

Attendance ...................................................................................................... 11

Work Schedule ................................................................................................ 11

Probationary Period ......................................................................................... 11

Performance Reviews ...................................................................................... 11

Promotions ...................................................................................................... 11

Fringe Benefit Plans ........................................................................................ 11

Vacations Sick & Personal ............................................................................... 12

Holidays .......................................................................................................... 12

Family Medical Leave ...................................................................................... 12

Women's Health & Cancer Rights .................................................................... 13

COBRA ............................................................................................................ 13

ERISA .............................................................................................................. 13

Funeral Leave .................................................................................................. 14

Jury Duty ......................................................................................................... 14

Military Service ................................................................................................ 14

Moonlighting .................................................................................................... 14

# Employee Handbook

## Table of Contents (cont'd)

Drug and Alcohol Policy................................................................................................ 14

Smoking Policy.............................................................................................................. 15

Job Safety...................................................................................................................... 15

Email & Internet............................................................................................................ 15

Reference Requests...................................................................................................... 15

Social Media Policy....................................................................................................... 16

Appearance .................................................................................................................. 17

Open Door Policy .......................................................................................................... 17

Termination.................................................................................................................... 18

Policies Subject to Change........................................................................................... 18

Employee Handbook Authorization......................................................................Handout

# Employee Handbook

time regarding enrollment for these benefits and a summary plan description may be provided. The Company reserves the right to amend, modify, alter or terminate any or all of these plans at any time. Continuation of insurance benefits is governed by Federal law (COBRA). Please contact your Supervisor if you have any questions about any benefit plan(s). Currently, the Company offers eligible Employees the following benefits:

---

**Medical / Dental / Life / Direct Deposit of Paychecks**

---

## Vacations Sick and Personal

All full-time Employees are eligible for paid vacation time based upon regular weekly hours.

| *Length of Continuous Employment* | *PAID Vacation Days* |
|---|---|
| After 1st Year of Employment | ONE Week Vacation (40 hours) |
| After 5th Year of Employment | TWO Weeks Vacation (80 hours) |
| After 8th Year of Employment and Beyond | THREE Weeks Vacation (120 hours) |

It is the responsibility of the Employee to complete a Vacation Request Form and submit to his/her Supervisor for approval at least two (2) weeks in advance in order to assure there is adequate Employee coverage during the proposed vacation period. Employee vacation preferences will be granted subject to seniority and staffing needs of the Company. If a holiday or holidays occur during an Employee's vacation, the holiday or holidays will not be considered as part of the vacation period. Vacation time is determined on a calendar year basis and will begin with January 1st. Employees will receive their vacation pay at the payroll date next scheduled following their vacation unless prior authorization has been made with the Employee's Supervisor to receive his/her check in advance to the actual vacation time. Vacation time can only be taken in 4 or 8 hour increments. Vacation time which remains unused at the end of the year for which such vacation accrued will not be carried over to the following year. Of course, vacation pay is paid as "straight time" and is subject to all applicable withholdings. In the event an Employee is terminated, any vacation time which remains unused at the time employment is terminated will be paid to the Employee if a two week notice is given.

## Holidays

Each full-time Employee who has been with the Company for more than ninety (90) days will be entitled to the scheduled paid holidays listed below:

---

**New Year's Day / Memorial Day / Independence Day / Labor Day**
**Thanksgiving Day / Christmas Day**

---

The Company may periodically elect to close for additional days before and after a holiday. ONLY THE HOLIDAY IS A PAID DAY OFF. Employees may ask their Supervisor to approve vacation pay for the additional days if an Employee is entitled to such vacation pay. Employees must work the day before and the day after the holiday to be paid for the actual holiday unless prior vacation time has been approved by his/her Supervisor.

## Family Medical Leave

Employees who have worked at least twelve (12) months and have accumulated at least 1,250 hours during the preceding twelve (12) months may request an unpaid leave of absence for up to twelve (12) weeks due to:

- ▶ The birth of a child to the Employee or the Employee's spouse;

- ▶ The adoption of a child by the Employee;

- ▶ A child being placed with the Employee for foster care;

- ▶ The spouse, child, or parent of the Employee having a serious health condition;

# Employee Handbook

▶ The Employee develops a serious health condition that makes the Employee unable to perform his or her job duties.

The request for family medical leave must be in writing and must be presented to your Supervisor at least thirty (30) days in advance of the requested departure date, when practical. Employees who are requesting the leave for health reasons must provide medical certification of the need for the leave and the probable duration of the leave.

The Company will continue group health coverage for those Employees who are covered under the Company's medical insurance at the time of the leave, but if the Employee fails to return to work following the leave, he or she may be required to repay the insurance premiums paid by the Company on behalf of the Employee during the leave. Employees on family medical leave will not accrue any other benefits from the Company while on leave.

## Women's Health and Cancer Rights Action of 1998

As required by the Women's Health and Cancer Rights Act of 1998, your insurance plan (if participating) provides benefits for mastectomy-related services, including reconstruction and surgery to achieve symmetry between the breasts, prostheses, and complications resulting from a mastectomy (including lymphedema). Contact the AES Benefits Department for further information concerning your rights.

## COBRA

As an AES Employee, you may be eligible for continuation of group healthcare benefits, at your expense, should you no longer qualify to continue coverage under your employer's group health plan. To be eligible for this continuation of healthcare coverage option, you must:

1. Be enrolled in one of the AES Standard Group Healthcare Benefit Plans, or
2. Enrolled in your employer's Non-Standard AES health plan and the employer has 20 or more Employees enrolled in this plan.

The right to continue group healthcare coverage was created by a federal law, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). COBRA continuation coverage can become available to you when you would otherwise lose your group health coverage. It can also become available to other members of your family who are covered under the Plan when they would otherwise lose their group health coverage. For a complete explanation of your COBRA rights see the explanation in the back of this handbook or contact the Plan Administrator.

## ERISA

As an AES Employee if you are enrolled in one of the AES Standard Group Benefit Plans, you are entitled to certain rights and protections under the Employment Retirement Income Security Act of 1974 (ERISA). ERISA provides that all participants in a group benefit plan with 100 or more participants shall be entitled to:

1. Examine, without charge, at the Plan Administrator's office, all plan documents such as detailed annual reports and plan descriptions, including insurance contracts, and copies of all documents filed by the Plan with the U.S. Department of Labor or the Internal Revenue Service.
2. Obtain copies of all Plan documents and other information upon written request to the Plan Administrator. The Plan Administrator may make reasonable charges for the copies.
3. Receive a summary of the Plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

ERISA also imposes duties upon the people responsible for the operation of the Employee benefit plan. The people who operate your Plan, called "fiduciaries" of the Plan, have a duty to do so in the interest of you and other plan participants and beneficiaries. No one, including your employer, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a benefit or exercising your rights under ERISA. If your claim for a benefit is denied in whole or part, you must receive a written explanation of the reason for the denial. You have the right to appeal your denied claim have the Plan reconsider your claim. For additional information about your rights and obligations under the Plan and under federal law, please see the explanation at the back of this handbook or contact the Plan Administrator.